**UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION**

RODNEY ROBERTS, etc.,

        Plaintiff,

vs.                                              Case No. 3:05-cv-1196-J-32MCR

LEE A. STEPHENS SECURITY, INC.,
etc., and LEE A. STEPHENS, etc.,

        Defendants.

## **ORDER**[1]

This Fair Labor and Standards Act case is before the Court on plaintiff's Motion for Entry of Final Default Judgment as to the corporate defendant, Lee A. Stephens Security, Inc. (Doc. 10) and for review of the file. On January 13, 2006, the Court entered an Order advising Mr. Stephens, who is proceeding pro se, that it would defer consideration of the motion against the corporate defendant until March 10, 2006 to give that party an opportunity to be heard on the motion. Mr. Stephens then filed an affidavit explaining that the corporate entity, Lee A. Stephens Security, Inc., has been dissolved. See Affidavit, Doc. 15. Plaintiff filed a response (Doc. 16) in which it suggests that the corporate entity is still viable and that, if not, plaintiff would like to amend his complaint to name a different corporate entity, Stephens Security, which is allegedly also controlled by Mr. Stephens, and which entity is apparently registered to Lee A. Stephens Security, Inc. At the undersigned's request, the

---

[1] Under the E-Government Act of 2002, this is a written opinion and therefore is available electronically. However, it has been entered only to decide the motion or matter addressed herein and is not intended for official publication or to serve as precedent.

assigned United States Magistrate Judge set this matter for a telephonic status conference. Mr. Stephens apparently declined to participate in the conference call.

Upon this record, and with defendant Lee A. Stephens Security, Inc. having failed to appear notwithstanding having been properly served (see Doc. 6, Return of Service), the Court finds that Final Default Judgment is due to be entered against defendant Lee A. Stephens Security, Inc.  Plaintiff seeks judgment against defendant Lee A. Stephens Security, Inc. in the total amount of $21,755.00.  Attorney's fees and costs account for $4,475.00 of this amount.  Plaintiff provided evidentiary support for that sum in the form of an affidavit from counsel and copies of time records and costs invoices.[2]  29 U.S.C. § 216(b) authorizes the award of attorney's fees and costs to the prevailing party in an FLSA action. However, the Court will withhold a decision on attorney's fees and costs pending resolution of the following matter.

The remainder of the amount sought, $17,280.00, represents $8,640.00 in unpaid overtime and an equal sum in liquidated damages.  In support of the amount of unpaid overtime, plaintiff supplied an affidavit which states, in pertinent part, that he was employed by defendants as a security guard "from approximately April 2004 to May 2005 (56 weeks)" and "was paid $8 per hour"; that "[d]uring 8 months of [his] employment (36 weeks), [he] regularly worked one hundred hours per week (100), and was paid $8 per hour for all hours worked."  Doc. 10, Exhibit B.  This is the entirety of the proof of the amount of overtime

---

[2]The specific sums sought are $4,170 for 13.9 hours of attorney time billed at plaintiff's counsel's customary rate of $300 per hour plus $55 for service of process and $250 for the Court's filing fee.

wages to which plaintiff claims he is entitled.  Plaintiff's motion explains that because defendants have failed to participate in this case, no time records are available and plaintiff's affidavit is therefore the best evidence of the unpaid wages owed.  In circumstances such as this, the law does permit a party to estimate the amount of damages.  See Anderson v. Mt. Clemens Pottery Co., 328 U.S. 680, 687-88 (1946).  However, the plaintiff's proof must supply the Court with "a just and reasonable inference" upon which to calculate the loss. Caro-Galvan v. Curtis Richardson, Inc., 993 F.2d 1500, 1513 (11th Cir. 1993) (quoting Donovan v. New Floridian Hotel, Inc., 676 F.2d 468, 475 (11th Cir. 1982)).  Thus, while such proof may be put forth by affidavit averments alone, see, e.g., Liu v. Jen Chu Fashion Corp., 2004 WL 33412 (S.D. N.Y. Jan. 7, 2004), the Court is not required to accept such evidence unquestioningly.  Wales v. Jack M. Berry, Inc., 192 F.Supp.2d 1269, 1290 (M.D.Fla. 1999). At this stage, the Court finds plaintiff's barebones affidavit is simply insufficient evidence upon which the Court could enter judgment, at least without some further inquiry.  For example, plaintiff's counsel's time records reference a conference regarding "time records maintained" and "review of correspondence and documents from Plaintiff regarding Plaintiff's employment with Defendant."  Doc. 10, Exhibit 1 to Exhibit C.  However, no such documents are part of the record.  Additionally, plaintiff's complaint states that he worked for defendants as a security guard and that he also "performed related activities for Defendants."  Yet, plaintiff's affidavit references only his employment as a security guard.  While these record statements are perhaps entirely consistent with plaintiff's statements regarding the amount of overtime wages owed for work as a security guard, given that there is simply no documentation of plaintiff's employment with defendant at all other than the affidavit

statements and allegations of the complaint, the Court finds it is not in a position to find "a just and reasonable inference" upon which to calculate the loss. Caro-Galvan, 993 F.2d at 1513. Thus, no later than **June 1, 2006**, plaintiff should file and serve whatever documentation he has of his employment with defendants, including, for example, paystubs or tax returns (which, if filed, should be redacted to eliminate from the public record access to personal information such as bank account or social security numbers), and he should also supply further information about the work performed for defendants. The Court will permit defendants to file their own documentation in rebuttal no later than **June 20, 2006**.

Turning now to the remainder of the case, Mr. Stephens apparently continues to claim that he has not received a copy of the complaint. While the record supports a finding that plaintiff has effected proper service (see Docs. 5, 12, 14, 16), the Court has nevertheless attached a copy of the complaint to this Order. Mr. Stephens is directed to file and serve his answer to the complaint no later than **June 1, 2006**. Mr. Stephens is advised that failure to file an answer by June 1, 2006 will likely result in plaintiff renewing his efforts to secure judgment by default against him personally.[3] If plaintiff intends to file and serve an amended complaint to add defendant Stephens Security, he shall do so no later than **June 1, 2006** and promptly effect service.[4] The parties are additionally directed to confer for purposes of

---

[3] Plaintiff's complaint alleges that defendants are jointly and severally liable so plaintiff would be entitled to prove the entirety of his damages against one defendant and still seek to recover these same damages from the other.

[4] Assuming that the only amendment would be the addition of the new party, the Court would permit defendant Mr. Stephens' answer to the original complaint to stand over as against the amended complaint.

4

preparing their Case Management Report and to file such Report no later than **June 20, 2006**.  Both parties are directed to work cooperatively in this process and are reminded that the case management conference can be conducted in person or by telephone.  A Case Management Report form is attached for the parties' convenience.

**DONE AND ORDERED** at Jacksonville, Florida this 10th day of May, 2006.

_____
TIMOTHY J. CORRIGAN
United States District Judge

s.
Copies w/attachments:

counsel of record
*pro se* parties