**UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION**

RODNEY ROBERTS, etc.,

        Plaintiff,

vs.                                    Case No. 3:05-cv-1196-J-32MCR

LEE A. STEPHENS SECURITY, INC.,
etc., and LEE A. STEPHENS, etc.,

        Defendants.

_____

**ORDER**[1]

This case is before the Court on plaintiff Rodney Roberts' Motion for Entry of Final Judgment (Doc. 29) in which plaintiff, who has already secured entry of final default judgment as to the corporate defendant, Lee A. Stephens Security, Inc. (see Doc. 24), now seeks entry of final default judgment as to Lee A. Stephens, individually. The Court issued an Order on November 27, 2006 directing defendant Lee A. Stephens to respond to the motion for final default judgment no later than December 15, 2006 and advising him that his failure to do so would likely result in entry of default judgment against him. See Doc. 30. Mr. Stephens failed to respond in any way. Accordingly, upon review of the file, the Court finds entry of default judgment against defendant Lee A. Stephens is now appropriate and it is, therefore, hereby

---

[1] Under the E-Government Act of 2002, this is a written opinion and therefore is available electronically. However, it has been entered only to decide the motion or matter addressed herein and is not intended for official publication or to serve as precedent.

**ORDERED**:

Plaintiff's Motion for Entry of Default Final Judgment as to defendant Lee A. Stephens (Doc. 29) is **GRANTED**; pursuant to Fed.R.Civ.P. 55(b)(2), and consistent with the judgment entered against the corporate defendant, Lee A. Stephens Security, Inc. (Doc. 25), Final Default Judgment is hereby entered in favor of plaintiff Rodney Roberts and against defendant Lee A. Stephens in the amount of $20,712.50, which sum represents attorney's fees and costs in the amount of $3,432.50[2] and $17,280.00 in unpaid overtime and liquidated damages.[3]  This judgment is joint and several to the Final Default Judgment entered September 20, 2006.  (Doc. 25).  The Clerk is directed to enter judgment accordingly and close the file.

**DONE AND ORDERED** at Jacksonville, Florida this 15th day of February, 2007.

TIMOTHY J. CORRIGAN
United States District Judge

s.
Copies:
counsel of record
*pro se* parties

---

[2] An award of attorney's fees and costs to the prevailing party is authorized in FLSA actions pursuant to 29 U.S.C. § 216(b).  Plaintiff provided evidentiary support for a higher sum in the form of an affidavit from counsel and copies of time records and costs invoices, showing $5,940 for 19.8 hours of attorney time billed at plaintiff's counsel's customary rate of $300 per hour plus $55 for service of process and $250 for the Court's filing fee. See Doc. 29, Exhibit C.  The Court, whose task it is to award a "reasonable" fee under the statute, finds that a reasonable fee is $3,432.50- - the amount awarded against the corporate defendant.

[3] Plaintiff provided adequate evidentiary support for his hourly rate and number of hours worked. See Doc. 29, Exhibit A.